# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 50205 | DATE | 10/8/2010 |
| CASE TITLE | Montorio Contrell Hines vs. (IDOC) Supervisor Darcy Wild, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion to alter or amend judgment [#111] and the motion for leave to file an amended complaint [#110].

*Philip G. Reinhard*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Montrell Hines, filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P 59(e) and an accompanying motion for leave to file a third amended complaint pursuant to Fed. R. Civ. P. 15(a). In the Rule 59(e) motion, plaintiff objects to the dismissal of Wild as to Counts I, II, and III, objects to the dismissal of the Monell claim against the City of Rockford, and objects to the dismissal of John Doe.

The Rule 59(e) motion is denied as it is not necessary to file such a motion in order to seek leave to amend a complaint where, as here, no final judgment has been entered. See Crestwood Village Apartments v. United States Dept. Of Housing and Urban Development, 383 F. 3d 552, 557-58 (7th Cir. 2004). Even if the court were to consider the merits of the motion under Rule 59(e), it would deny the motion as it fails to set forth any proper basis for relief.[1]

The appropriate method for seeking leave to amend the complaint at this stage of the proceedings is under Rule 15(a)(2). Plaintiff has done so by filing a motion under that provision.
Under Rule 15(a)(2), although leave to amend should be freely given when justice so requires, the court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F. 3d 854, 860-61 (7th Cir. 2001).

Here, plaintiff seeks to file a fourth complaint in a case that is just shy of three years old. Additionally, the claims that survived the motion to dismiss were at best minimally sufficient to withstand the applicable standard. See Brooks v. Ross, 578 F. 3d 574, 580-81 (7th Cir. 2009). This case is going into its fourth year and has barely moved past the pleading phase. It is time for the case to start moving toward a final resolution. Based on all of these considerations, the motion for leave to amend is denied.

---

1. Plaintiff's request for an extension of time to submit "supporting documents" contained in paragraph 9 of the motion is denied as moot.